[755 NYS2d 882]

In the Matter of ROBERT B. KRESS (Admitted as ROBERT BRANDON KRESS), an Attorney, Resignor.

Second Department, March 3, 2003

## APPEARANCES OF COUNSEL

*Mahler, Miller, Harris & Engel, P.C.*, Kew Gardens (*Stephen R. Mahler* of counsel), for resignor.

*Diana Maxfield Kearse*, Brooklyn, for Grievance Committee for the Second and Eleventh Judicial Districts.

## OPINION OF THE COURT

Per Curiam.

Robert B. Kress has submitted an affidavit, dated December 10, 2002, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Kress was admitted to the bar at a term of the Appellate Division of the

Supreme Court in the Second Judicial Department on February 26, 1986, under the name Robert Brandon Kress.

Mr. Kress avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting a resignation. Mr. Kress acknowledges that the Grievance Committee is currently conducting an investigation into allegations that he converted to his own use and benefit funds that had been entrusted to him as a fiduciary in numerous matters in which he had been appointed as Guardian by the Surrogate's Court, Queens County. He acknowledges that if charges were predicated upon the misconduct under investigation, he could not successfully defend himself on the merits.

Mr. Kress's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order and is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. Mr. Kress specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges acceptance of Mr. Kress' resignation.

Inasmuch as the proffered resignation comports with the appropriate Court rules, it is accepted, Robert B. Kress is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

PRUDENTI, P.J., RITTER, ALTMAN, FLORIO and SCHMIDT, JJ., concur.

Ordered that the resignation of Robert B. Kress is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert B. Kress is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Robert B. Kress shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert B. Kress is commanded to desist and refrain

from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the resignor's request for an extended period of time in which to wind up his practice is denied.